# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JESSIE SAMUEL RUFUS BENFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00998-SPM |
| ) | |
| JAMES M. DOWD, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Jessie Samuel Rufus Benford for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant and frequent filer of cases in the United States District Court for the Eastern District of Missouri. Going back to 2000, he has thirty-one closed cases, most of which have been dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2).

2

More pertinent to the matter before the Court, plaintiff has filed a series of cases that all arise from the end of his employment with Schneider National Carriers, Inc (Schneider). In order to better understand the instant action, it is helpful to discuss this past litigation.

The first of these cases was an employment discrimination action under Title VII of the Civil Rights Act of 1964, filed on March 21, 2019. *Benford v. Schneider National Carriers, Inc.*, No. 4:19-cv-550-MTS (E.D. Mo.). In the complaint, plaintiff asserted that he had been "deprived of [a] normal work environment" by his supervisor, Jack Filina. According to plaintiff, he was a truck driver for Schneider, and required to report to Filina for approval to work each day. During a seven-day period when Filina was on leave, plaintiff could not reach him. When plaintiff ultimately made contact with Filina, Filina expressed the opinion that plaintiff was not committed to the job. During a conversation in which plaintiff accused Filina of speaking to him disrespectfully, Filina told plaintiff that "he had no more work for" him. Plaintiff insisted that his discharge from Schneider resulted from his religious beliefs.

After initial review of the complaint under 28 U.S.C. § 1915, the district court dismissed the Title VII claims relating to race, color, and gender discrimination, as well as the hostile work environment and retaliation claims. The religious discrimination claim was allowed to proceed. On July 19, 2021, however, the district court granted Schneider's motion for summary judgment. Specifically, the district court determined that plaintiff had not supported his claim of religious discrimination, and that Schneider had demonstrated that plaintiff failed to meet their reasonable requirements for employment after failing to report to work on multiple occasions. Plaintiff filed a notice of appeal, but on January 10, 2022, the United States Court of Appeals for the Eighth Circuit affirmed the judgment of the district court. *Benford v. Schneider National Carriers, Inc.*, No. 21-2717 (8th Cir. 2022).

Upon conclusion of this case, plaintiff filed three similar civil actions on January 13, 2022, all of them contesting how the end of his employment at Schneider unfolded. Specifically, plaintiff argued that he had been fired – thereby entitling him to unemployment benefits – even though the Missouri Labor and Industrial Relations Commission determined that he voluntarily quit.

In *Benford v. Missouri Court of Appeals Eastern District*, No. 4:22-cv-52-HEA (E.D. Mo Jan. 13, 2022), plaintiff alleged that he had been discriminated against by the Missouri Court of Appeals when a ruling was made "claiming that [he] quit [his] job when [his] employer (Schneider Nat. [and] Jack Filina) admitted to terminating [him] in federal court." On January 19, 2022, the district court granted plaintiff's motion for leave to proceed in forma pauperis, and reviewed his complaint under 28 U.S.C. § 1915. Pursuant to that review, the district court determined that plaintiff actually intended to sue the United States Court of Appeals for the Eighth Circuit, which had affirmed the district court's earlier dismissal of his employment discrimination complaint. The district court then dismissed the complaint without prejudice, as the Court of Appeals was entitled to sovereign immunity.

Next, in *Benford v. Missouri Division of Employment Security*, No. 4:22-cv-56-SRW (E.D. Mo. Jan. 13, 2022), plaintiff sued the Missouri Division of Employment Security, stating that he had been terminated from his employment with Schneider by Jack Filina, but that Filina "maliciously lied and claimed" that he had "quit." Later, Filina "confessed to terminating [him] in federal court." Nevertheless, the "Missouri Division of Employment falsely ruled in favor of Jack Filina, although Jack Filina confessed to terminating" plaintiff. On January 19, 2022, the district court granted plaintiff's motion for leave to proceed in forma pauperis, and reviewed his complaint under 28 U.S.C. § 1915. Following that review, the district court dismissed plaintiff's

complaint without prejudice. To the extent that plaintiff brought the case under 42 U.S.C. § 1983, the district court explained that the Missouri Division of Employment Security was not a "person," and that the claim was barred by sovereign immunity. Meanwhile, to the extent he was suing under Title VII, the district court noted that plaintiff was employed by Schneider, not the Missouri Division of Employment Security.

Finally, in *Benford v. Labor and Industrial Relations Comm.*, No. 4:22-cv-58-SEP (E.D. Mo. Jan. 13, 2022), plaintiff brought suit against the Labor and Industrial Relations Commission, asserting a violation of the First Amendment and Title VII. As with this other cases, plaintiff argued that he had been fired from Schneider by Jack Filina, but that the Labor and Industrial Relations Commission indicated that he had quit. On August 23, 2022, the district court granted plaintiff's motion for leave to proceed in forma pauperis, and reviewed his case pursuant to 28 U.S.C. § 1915. Based on that review, the district court dismissed plaintiff's constitutional claim because the State of Missouri's Labor and Industrial Relations Commission was not a "person" under 42 U.S.C. § 1983, and because the claim was barred by sovereign immunity under the Eleventh Amendment. The district court also observed that plaintiff had failed to state a Title VII claim, as he had not presented any facts regarding workplace discrimination. Instead, the district court noted that plaintiff was "repackaging old claims and bringing them against different defendants."

On March 1, 2023, plaintiff filed three more cases, once again alleging the same approximate facts, but naming different defendants.

First, in *Benford v. Cornejo, et al.*, No. 4:23-cv-252-PLC (E.D. Mo. Mar. 1, 2023), plaintiff sued the Chairman of the Missouri Labor and Industrial Relations Commission, along with two members. He claimed that all three defendants failed to "properly investigate Jack

5

Filina's claim…that Benford quit his job." On April 10, 2023, the district court determined that plaintiff had failed to properly assert venue. Because plaintiff's complaint sought "his fifth bite at the proverbial apple," and named defendants who were not subject to suit under 42 U.S.C. § 1983, the district court determined that transfer was not warranted, and dismissed the action.

Second, in *Benford v. Dowd, et al.*, No. 4:23-cv-261-SRW (E.D. Mo. Mar. 1, 2023), plaintiff sued three judges of the Missouri Court of Appeals, accusing them of failing "to properly [investigate] Jack Filina's…statement that [plaintiff] quit his job." Based on the district court's review of plaintiff's state court filings, it appeared that he was upset after the Missouri Court of Appeals affirmed the denial of unemployment benefits by the Missouri Labor and Industrial Relations Commission. On May 19, 2023, the district court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), determining that plaintiff's official capacity claims were subject to dismissal because they were treated as being made against the State of Missouri itself. The district court further noted that even if plaintiff had brought individual capacity claims, they were barred by judicial immunity.

Third, in *Benford v. Stimson*, No. 4:23-cv-263-SEP (E.D. Mo. Mar. 1, 2023), plaintiff sued Referee S. Stimson under 42 U.S.C. § 1983, alleging that "Stimson failed to properly investigate Jack Filina's testimony" in which Filina first claimed that plaintiff quit his job, then "later confessed to terminating" him. On May 22, 2023, the district court dismissed plaintiff's action without prejudice. Since plaintiff had not indicated the capacity in which Stimson was sued, the district court treated the complaint as containing only an official capacity claim against the State of Missouri. That claim was barred because a state is not a "person" under § 1983, and because sovereign immunity prevents claims for money damages against state officials acting in their official capacities. The district court further noted that even if plaintiff had sued Stimson in

an individual capacity, he still failed to "point to a specific constitutional provision violated by Stimson."

The three cases that plaintiff filed in March were all dismissed by May 22, 2023. On May 25, 2023, plaintiff filed two new cases, once again repeating allegations against the same defendants.

The first of these cases was *Benford v. Dowd, et al.*, No. 4:23-cv-696-SRW (E.D. Mo. May 25, 2023), in which plaintiff sued Missouri Appellate Judges James M. Dowd, Gary M. Gaertner, Jr., and Robin Ransom under 42 U.S.C. § 1983. Plaintiff accused defendants of affirming a decision of the Missouri Division of Employment that determined plaintiff had quit his job, rather than been fired. On June 16, 2023, the district court dismissed the case without prejudice for failure to state a claim.

The second of these cases was *Benford v. Stimson*, No. 4:23-cv-697-SEP (E.D. Mo. May 25, 2023), in which plaintiff sued Referee Stimson for deciding that plaintiff had left his employment, instead of being terminated. On June 13, 2023, the district court dismissed the case without prejudice, finding that defendant Stimson had judicial immunity, and that plaintiff had failed to state a claim.

In what has now become a clear pattern, plaintiff filed the current action on August 11, 2023, naming the same three defendants he has sued twice before.[1]

## The Complaint

Plaintiff's complaint is on a Court-provided civil complaint form. It names Judge James M. Dowd, Judge Robin Ransom, and Judge Gary M. Gaertner, Jr. as defendants. (Docket No. 1 at 2-3). All three defendants are judges on the Missouri Court of Appeals. Plaintiff does not

---

[1] On this same day, plaintiff also filed yet another case against Referee Stimson. *See Benford v. Stimson*, No. 4:23-cv-999-JMB (E.D. Mo. Aug. 11, 2023). That case remains pending.

7

indicate the capacity in which they are sued. With regard to jurisdiction, he asserts that he is bringing this case pursuant to 18 U.S.C. § 242. (Docket No. 1 at 4). As in plaintiff's previous cases, he alleges that defendants wrongly determined that he quit his job, instead of being fired, resulting in the denial of unemployment benefits.[2]

In the "Statement of Claim," plaintiff asserts that defendants had a "duty…to investigate whether or not the law has been fairly…applied by [the] Labor and Industrial Relation[s] [Commission] of Missouri." (Docket No. 1 at 7). According to plaintiff, defendants breached that duty on October 8, 2019, when they affirmed a ruling by the Labor and Industrial Relations Commission that found plaintiff quit his job on November 21, 2018. More specifically, plaintiff states that Jack Filina initiated "false claims that [he] resigned on" November 21, 2018, but later "boldly confessed in federal court" that plaintiff "was terminated before his faith was mentioned."[3]

Attached to the complaint are eighty-one pages of exhibits, consisting of legal documents from plaintiff's prior cases in both State and Federal court. The Court has reviewed these exhibits and will treat them as part of the pleadings.[4] The exhibits are: (1) the September 9, 2019

---

[2]Though plaintiff never makes it entirely clear, it seems that he left his employment with Schneider at some point in November 2018. Plaintiff insists he was fired; his employer argued that he had never finished his training, and therefore quit voluntarily. Under RSMo § 288.050, unemployment benefits must be denied to a worker who leaves "work voluntarily without good cause attributable to such work or the claimant's employer." RSMo § 288.050(1). The Missouri Labor and Industrial Relations Commission determined that plaintiff had voluntarily resigned his position, and that he had not been discharged. The Commission noted that plaintiff's testimony was not credible, especially given his contradictory statements. The Missouri Court of Appeals affirmed this decision on October 8, 2019. *See Benford v. Schneider National Carriers, Inc., et al.*, No. ED107701 (Mo. App. 2019).
[3] This is a reference to plaintiff's employment discrimination case, *Benford v. Schneider National Carriers, Inc.*, No. 4:19-cv-550-MTS (E.D. Mo.), in which plaintiff claimed that he had been fired due to his religious beliefs, in violation of Title VII.
[4] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

8

Memorandum and Order in *Benford v. Schneider National Carriers, Inc.*, No. 4:19-cv-550-SNLJ; (2) the June 7, 2019 Motion to Dismiss filed by Schneider National Carriers in Case Number 4:19-cv-550-SNLJ; (3) the Memorandum in Support of Defendant's Motion to Dismiss in Case Number 4:19-cv-550-SNLJ; (4) the October 8, 2019 order affirming the judgment of the Missouri Labor and Industrial Relations Commission, filed in *Benford v. Schneider National Carriers, Inc., et al.*, No. ED107701 (Mo. App. 2019); (5) the Memorandum Supplementing Order Affirming Judgment filed in *Benford v. Schneider National Carriers, Inc., et al.*, No. ED107701, explaining the Court of Appeals' decision; (6) the February 21, 2019 decision of the Labor and Industrial Relations Commission; (7) additional handwritten allegations; (8) the brief of the Division of Employment Security in *Benford v. Schneider National Carriers, Inc., et al.*, No. ED107701; and (9) the transcript of the January 24, 2019 hearing held before the Missouri Division of Employment Security.

Based on these facts, plaintiff seeks $300,000 in compensatory damages, and $5,000,000 in punitive damages. (Docket No. 1 at 6).

## Discussion

Plaintiff is a self-represented litigant who has filed this civil action against three Missouri Appellate Court judges, accusing them of wrongly affirming a decision made by the Missouri Labor and Industrial Relations Commission. Because he is proceeding in forma pauperis, the Court has reviewed plaintiff's complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

### A. Construction of Action as Arising Under 42 U.S.C. § 1983

Plaintiff purports to bring this action under 18 U.S.C. § 242.[5] This is a criminal statute that does not provide for a private right of action. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242, and that the "statutes do not give rise to a civil action for damages"); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2nd Cir. 1994) (stating that 18 U.S.C. § 242 is a criminal statute that does not provide a private right of action); *Davis v. Norwood*, 614 Fed. Appx. 602, 605 (3rd Cir. 2015) (stating "that 18 U.S.C. § 242, which criminalizes the deprivation of rights under color of law, does not provide a private right of action"); and *Brown v. Express Scripts*, 2018 WL 1295482, at *2 (E.D. Mo. 2018) (dismissing plaintiff's claim brought under 18 U.S.C. § 242 because plaintiff had no private right of action).

Because 18 U.S.C. § 242 does not provide a private right of action, it does not serve as a proper jurisdictional basis. However, as plaintiff is alleging the deprivation of his rights under color of state law – and seeking damages for such deprivation – the Court has construed his complaint as arising under 42 U.S.C. § 1983. *See Beeks v. Hundley*, 34 F.3d 658, 661 (8th Cir. 1994) (stating that "the central purpose of § 1983 is to provide compensatory relief to those deprived of their federal rights by state actors"). Pursuant to § 1983, the Court has federal question jurisdiction. *See Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th

---

[5] 18 U.S.C. § 242 provides: "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death."

10

Cir. 2015) (explaining that a claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to [28 U.S.C.] § 1331").

## B. Official Capacity Claims

Plaintiff has named three individual judges as defendants, but has failed to indicate the capacity in which they are sued. Under 28 U.S.C. § 1983, a plaintiff can bring a claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

Because plaintiff has not indicated defendants' capacity, the Court must presume they are sued in their official capacities only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy

11

"must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, as already noted, defendants are Missouri appellate judges. As such, the official capacity claims against them are treated as claims against the State of Missouri itself, their employer. The claim fails for two reasons.

    i.    **The State is Not a 42 U.S.C. § 1983 "Person"**

First, the Court notes that 42 U.S.C. § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

In this case, the official capacity claims against defendants are treated as being made against the State of Missouri. As noted above, a state is not a "person" under 42 U.S.C. § 1983 in a suit for money damages, which is what plaintiff is seeking. Because plaintiff is missing an essential element of a § 1983 claim, the official capacity claims against defendants must be dismissed.

### ii. Claim Against State Barred by Sovereign Immunity

Second, plaintiff's official capacity claims against these state employees are barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); and *Egerdahl*, 72 F.3d at 618-19 ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment also bars official capacity claims against state officials for monetary damages. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because 42 U.S.C. § 1983 – under which this case arises – does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception does not apply because the State of Missouri has not waived its immunity in this type of case. *See* RSMo § 537.600 (explaining that sovereign immunity is "in effect," and providing exceptions relating to the "negligent acts or omissions by public employees arising out of the operation of motor vehicles…within the course of their employment," and regarding "[i]njuries caused by the condition of a public entity's property").

Here, defendants are three state judges. Because plaintiff has not indicated the capacities in which they are sued, the Court must treat them as being sued in their official capacities only. An official capacity claim against an individual is treated as being made against that individual's employer. In this case, defendants are employed by the State of Missouri. Under the Eleventh Amendment, a claim for damages against a state employee in their official capacity is barred. Furthermore, there are no exceptions to sovereign immunity present in this case. Therefore, for this reason as well, plaintiff's official capacity claims must be dismissed.

### C. Individual Capacity Claims

As already discussed, plaintiff has failed to indicate the capacity in which defendants are sued. Thus, the claims are treated as being made in defendants' official capacities only. Nevertheless, even if plaintiff had sued defendants in their individual capacities, the claims would be subject to dismissal for the following two reasons.

14

### i.   Individual Capacity Claims Barred by Judicial Immunity

In order to allow judicial officers to exercise their vested authority and to act upon their own convictions, judges are provided with judicial immunity from suit. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from 42 U.S.C. § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762.

15

"[A]n action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

In this case, defendants are clearly entitled to judicial immunity. There is no indication that plaintiff is suing them for anything other than deciding against him. More particularly, he is upset that defendants – Missouri Court of Appeals judges – affirmed an adverse decision made by the Labor and Industrial Relations Commission. Obviously, this constitutes a judicial act. That is to say, the issuing of an opinion that affirms the ruling of an inferior tribunal is an act normally performed by appellate judges, and is undertaken in a judicial capacity. Further, there is no suggestion whatsoever that defendants acted in the complete absence of jurisdiction when they issued their ruling.[6] Instead, plaintiff merely claims that their decision is wrong. Regardless of the correctness of the decision, judicial immunity bars suit against judges who are exercising their vested authority. Therefore, even if plaintiff had sued defendants in their individual capacities, the claims would be subject to dismissal.

### ii.     Failure to State an Individual Capacity Claim

Individual liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail,

---

[6] The Court notes that the Missouri Court of Appeals has jurisdiction pursuant to RSMo § 288.210, which provides for judicial review of decisions made by the industrial commission. Specifically, within twenty days of a final decision, "the director or any party aggrieved by such decision may appeal the decision to the appellate court having jurisdiction in the area where the claimant or any one of the claimants reside."

and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has failed to make any effort to connect each individual defendant to a constitutional violation. His brief, broadly-worded "Statement of Claim" does not sufficiently allege what each defendant personally did or did not do, much less establish that their actions or inactions resulted in the violation of his rights. To the contrary, plaintiff relies entirely on argumentative and conclusory language, such as his unsupported assertion that defendants "falsely and baselessly affirmed" the decision of the Labor and Industrial Relations Commission. This does not present a plausible claim for relief. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) (explaining that to state a plausible claim for relief, a plaintiff is required to "offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action"); and *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). Therefore, for this reason as well, even if plaintiff had sued defendants in their individual capacities, the claims would be subject to dismissal.

**D. Summary Dismissal**

Pursuant to 28 U.S.C. § 1915, the Court must dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As discussed above, the Court has construed this action as arising under 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must indicate the capacities in

which defendants are sued. Because plaintiff has not done that here, the Court must assume that defendants are sued in their official capacities only. An official capacity claim against an individual is actually made against the individual's governmental employer, which in this case is the State of Missouri. Under § 1983, a state is not a "person." Moreover, plaintiff's claims are barred by sovereign immunity. Therefore, the official capacity claims must be dismissed.

Even if the Court assumed that plaintiff intended to sue defendants in their individual capacities, they are protected by judicial immunity for actions taken in their role as judges. Furthermore, plaintiff has failed to establish each separate defendant's personal responsibility for violating one of his constitutional rights.

The Court notes that this is the tenth case that plaintiff has filed in the United States District Court for the Eastern District of Missouri alleging the same operative facts. Specifically, plaintiff contests a finding by the Missouri Labor and Industrial Relations Commission that determined he quit his job, thereby disqualifying him from the receipt of benefits. According to plaintiff, his employer "confessed" to terminating him in federal court. Based on this purported confession – in an unrelated Title VII case – plaintiff has sought millions of dollars in damages from state employees, and has continued to file cases asserting these same facts, despite naming defendants who are immune from suit in federal court.

Eight of those prior cases have been dismissed without prejudice. Two of those prior dismissals were in cases against these exact same defendants, alleging the exact same facts. The instant case represents the third attempt to sue these defendants, despite being told they cannot be sued. As before, plaintiff's claims fail because defendants have immunity, and because he has failed to state a claim that is sufficient for purposes of pre-service review. Consequently, the Court will dismiss this action without prejudice.

E. **Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 16th day of August, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

19